UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JAMISON FISHER, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 25-4209 |
| | ) |
| HENRY COUNTY JAIL *et al.*, | ) |
|     Defendants. | ) |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Jamison Fisher, a detainee at the Henry County Jail ("Jail"). Plaintiff also filed a Motion to Add Plaintiffs (Doc. 3) and a Motion to Waive Filing Fee or Dismiss Case (Doc. 8).

I.     **Complaint**

    **A. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Facts Alleged

Plaintiff's amended pleading names the Henry and Scott County Jails as Defendants.

Plaintiff's claims concern the denial of his prescription medication for Attention-Deficit Hyperactivity Disorder, which he asserts occurred during his detention at the Scott County Jail and is occurring during his detention at the Henry County Jail. (Pl. Compl., Doc 1 at 1.)

### C. Analysis

"Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). To prevail on a claim alleging inadequate medical care, a pretrial detainee must prove three elements: (1) the medical condition is or was objectively serious; (2) the defendant acted purposefully, knowingly, or recklessly concerning the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, not rationally related to a legitimate governmental objective. *Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019); *see also Bell v. Blaesing*, 844 F. App'x 924, 925 (7th Cir. 2021) ("[A]s a civil detainee, [the plaintiff] needed to plead only that [the defendant's] care was objectively unreasonable rather than deliberately indifferent."). A building, such as a jail or correctional facility, cannot be sued under § 1983. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also*

*White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

Plaintiff's Complaint is dismissed as he does not name a person who deprived him of a constitutional right under color of state law. Plaintiff's pleading must identify the individual defendants responsible for the alleged unconstitutional conduct; in other words, there must not be any "genuine uncertainty regarding who is responsible for what." *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013) (citing *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008) (plaintiffs may not rely on "[v]ague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct")).

Consequently, Plaintiff's Complaint is dismissed. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a Motion for Leave to File a Second Amended Complaint. If Plaintiff elects to file, his second amended pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's claims must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and

defendants is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

II.   **Additional Plaintiffs and Filing Fee Waiver**

Plaintiff's Motion to Add Plaintiffs (Doc. 3) is denied. *See Ray v. Maher*, 662 F.3d 770, 773–74 (7th Cir. 2011) ("[Section] 1983 claims are personal to the injured party.") (citing Russ v. Watts, 414 F.3d 783, 790 (7th Cir. 2005)) (holding that parents may sue only for constitutional injury to themselves, not for constitutional injuries to their son); *see also Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (holding that a § 1983 claim is "entirely personal to the direct victim of the alleged constitutional tort . . . only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim").

Plaintiff's Motion to Waive Filing Fee or Dismiss Case (Doc. 8) is denied. Plaintiff claims he was unaware he would have to pay a reduced filing fee of $350. Plaintiff seeks dismissal of this case if that would relieve him of his filing fee obligation; if not, he requests to continue with his lawsuit. The Court informs Plaintiff that the filing fee cannot be waived. *See Butler v. Deal*, 794 F. App'x 542, 544 (7th Cir. 2020) ("Courts may allow a plaintiff proceeding in forma pauperis to pay the fee in monthly installments, but they lack the statutory authority to waive the fee altogether.") (citing *Maus v. Baker*, 729 F.3d 708, 709 (7th Cir. 2014)).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions to Add Plaintiffs (Doc. 3) and to Waive Filing Fee or Dismiss Case (Doc. 8) are DENIED.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

3) **Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not file an amendment on or before the deadline established or fails to comply with the provided instructions, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED February 4, 2026.

s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE